IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| TRUSTEES OF THE TEAMSTERS UNION NO. 142 PENSION FUND, TRUSTEES OF THE TEAMSTERS UNION LOCAL NO. 142 TRAINING AND APPRENTICESHIP TRUST FUND, and TRUSTEES OF THE TEAMSTERS UNION LOCAL NO. 142 ANNUITY FUND, | ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | 2:13-cv-73-APR |
| v. | ) ) | |
| UNDERGROUND INCORPORATED, | ) ) | |
| Defendant. | ) | |

OPINION AND ORDER

This matter is before the court on the Motion for Summary Judgment [DE 13] filed by the plaintiffs on October 31, 2013. For the following reasons, the motion is **GRANTED.**

*Background*

The defendant, Underground, Inc., entered into a collective bargaining agreement with the Union for the period of June 1, 2010 through May 31, 2013. The agreement later was extended through May 31, 2014. The CBA requries Underground to make periodic contributions on behalf of its employees to the plaintiffs' Pension Fund, Training and Apprentice Fund, and Annuity Fund in the amounts established by the CBA. The undisputed evidence shows that Underground failed to pay the required contributions into the funds from March 2012 through August 2012. Underground signed an agreement for payment of arrearage in October 2012, agreeing to pay delinquent contributions to all three funds, plus interest and attorney fees.

1

Underground made the initial payment under the agreement, but subsequent payments have been inconsistent. Underground also failed to pay current contributions after the agreement to pay the arrearage was entered and has not made a payment pursuant to the agreement since May 2013.

As a signatory to the CBA, Underground also was bound by the Restated Agreement and Declaration of Trust. The trust agreement provides that if Underground is delinquent in contributions, the trustees may take any steps necessary to collect the funds, and Underground must pay interest on all money due and all expenses of collection incurred by the trustees, including costs and legal fees. The trust also requires that Underground pay 10% per annum interest on any unpaid contributions, liquidated damages, and attorney fees and costs.

The plaintiffs filed a motion for summary judgment on October 31, 2013. Underground did not file a response and the time to do so has passed.

*Discussion*

Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment is proper only if it is demonstrated that "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." **Celotex Corp. v. Catrett**, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); **Kidwell v. Eisenhauer,** 679 F.3d 957, 964 (7th Cir. 2012); **Stephens v. Erickson***,* 569 F.3d 779, 786 (7th Cir. 2009). The burden is upon the moving party to establish that no material facts are in genuine dispute, and any doubt as to the existence of a genuine issue must be resolved against the moving party. **Adickes v. S.H. Kress & Company**, 398 U.S. 144, 160, 90 S. Ct. 1598, 1610, 26 L. Ed.2d 142, 155 (1970); **Stephens**, 569 F.3d at 786. A fact is material if it is outcome determinative under applicable law. There must be evidence on which the jury could reasonably find for the nonmoving party. **Anderson v. Liberty**

*Lobby, Inc*., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L.Ed.2d 202, 212 (1986); *Stephens*, 569 F.3d at 786; *Wheeler v. Lawson*, 539 F.3d 629, 634 (7th Cir. 2008). However, summary judgment may be entered against the non-moving party if it is unable to "establish the existence of an essential element to [the party's] case, and on which [that party] will bear the burden of proof at trial . . .". *Kidwell*, 679 F.3d at 964 (citing *Benuzzi v. Bd. of Educ*., 647 F.3d 652, 662 (7th Cir. 2011) (quoting *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)).

In deciding a motion for summary judgment, the trial court must determine whether the evidence presented by the party opposed to the summary judgment is such that a reasonable jury might find in favor of that party after a trial.

> The inquiry performed is the threshold inquiry of determining whether there is the need for a trial--whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.
>
> [T]his standard mirrors the standard for a directed verdict under Federal Rule of Civil Procedure 50(a), which is that the trial judge must direct a verdict if, under the governing law, there can be but one reasonable conclusion as to the verdict.
>
> *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S. Ct. 2505, 2511, 91 L.Ed.2d 202, 212 (1986).

*See also **Reeves v. Sanderson Plumbing Prods., Inc**.*, 530 U.S. 133, 149-51, 120 S.Ct. 2097, 2109, 147 L. Ed.2d 105, 120-22 (2000) (setting out the standard for a directed verdict); *Celotex Corp*., 477 U.S. at 322-23, 106 S. Ct. at 2553; *Stephens,* 569 F.3d at 786; *Argyropoulos v. City of Alton*, 539 F.3d 724, 732 (7th Cir. 2008)(stating that a genuine issue is one on which a reasonable fact finder could find for the nonmoving party); *Springer v. Durflinger,* 518 F.3d 479, 483 (7th Cir.

2008)(stating that a genuine issue exists and summary judgment is inappropriate if there is sufficient evidence for a jury to return a verdict for the nonmoving party).

Title 29 U.S.C. § 1145 states that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." The plan may enforce agreements against the employer. *Central States, Southeast and Southwest Area Pension Fund v. Gerber Truck Service, Inc*., 870 F.2d 1148, 1149 (7th Cir. 1989).

The CBA agreement required Underground to make contributions to the funds for all employees who performed work described in the CBA. The evidence is undisputed that Underground failed to make the required contributions in accordance with ERISA and the CBA. The plaintiffs claimed that the contributions, interest, liquidated damages, and attorney fees amount to $28,643.50. Underground does not dispute that it owes this amount. Because Underground has failed to show that a genuine issue of material fact remains pending with regard to either its liability or the amount due, the court **GRANTS** the plaintiffs' motion and **ENTERS** judgment in favor of the plaintiffs in the amount of $28,643.50.

ENTERED this 23rd day of April, 2014

/s/ Andrew P. Rodovich
United States Magistrate Judge